CHARLES A. BUNTING & others *vs.* ELISHA TUCKER & another, Executors.

A testator, by his will, gave his estate to his executors, in trust, after the payment of debts and legacies, to pay over the same to his children in equal shares; and directed that the share of one of his daughters should not be paid to her during the lifetime of her husband, but should be held for her sole and separate use, and so much thereof be paid to her from time to time as the trustees should judge necessary or proper; and that, after the death of her husband, the balance of her share should be paid to her, if living; otherwise, to her surviving children, in equal shares; or, if she should leave no children, to the testator's heirs at law. *Held*, on the death of the daughter before her husband, that her share was to be held in trust until his death, and then be paid to those of her children who should survive him.

BILL IN EQUITY, inserted in a writ sued out on the 24th of April 1854, by the children and heirs at law of Mary T. Earle, daughter of Levi Peirce, against Elisha Tucker and Allen Thatcher, executors of the will of said Peirce. That will contains the following provisions :

" It is my will, and I do hereby give, devise and bequeath to my sons-in-law Allen Thatcher and Elisha Tucker all my estate, both real and personal," (with some exceptions,) upon certain trusts, among which were the following : " My will is, and I do hereby order and direct, that after the payment of all my just debts, funeral charges, and the legacies hereinbefore given out of the estate, they, the said Thatcher and Tucker, shall from time to time divide, account for and pay over all the balance with which they shall be chargeable, according to the provisions of this will, to my four children, in equal portions ; that is to say, the said Tucker and Thatcher, in right of their wives, shall each of them be entitled to retain to his own use one fourth part, Mary T. Earle to one fourth part, and Abby Ann Peirce to one fourth part."

" And as to the share or portion which I have hereby given to the said Mary T. Earle, it is furthermore my will, and I do hereby order and direct, that the same shall not, during the lifetime of her husband Ethan Earle, be paid over to .her, except as hereinafter provided, but that the same shall be put and kept in the hands of trustees for the sole and separate

use of her the said Mary T. Earle, without the interference or control of her said husband; and that the trustees shall put and keep the same on interest, or vest the same in good stocks, at their discretion, and manage and take care of the same in a prudent and careful manner, and from time to time pay over to her so much thereof as the said trustees (or trustee, in case there shall at any time be but one trustee) shall judge necessary and proper; the amount to be paid and the times of payment to be, in all cases, at the sole discretion of the trustees or trustee; and the sole receipt of the said Mary T. Earle shall be a sufficient discharge for payments made by said trustees. And I do hereby constitute and appoint the said Allen Thatcher and Elisha Tucker to be the said trustees; and in case of the death of one of them, in the lifetime of the said Ethan Earle, then the survivor to be sole trustee; and in case such survivor should die in the lifetime of said Ethan, then the judge of probate for the county of Plymouth to appoint a new trustee, and so from time to time, as often as the office of trustee shall become vacant. And after the death of the said Ethan Earle, the balance of the fund or portion in the hands of the trustees or trustee shall be paid over to the said Mary T. Earle, if living; otherwise, to such child or children of her the said Mary T. Earle as shall then be living, in equal shares; and in case the said Mary T. Earle shall leave no children or child, then the balance, if any, in the hands of such trustees or trustee, shall be paid over to my heirs at law."

The prayer of the bill was that the defendants might be required to pay over to the plaintiffs the share of Mary T. Earle, now in their hands. It was agreed by the parties that Mary T. Earle died in the lifetime of the testator, leaving her husband Ethan Earle, who is still living. The defendants were ready to pay to the plaintiffs their distributive shares, if the court should so decree.

*W. H. Wood*, for the plaintiffs. In ascertaining the intent of the testator, vested are more favored than contingent interests. *Shattuck* v. *Stedman*, 2 Pick. 468. The intent is to be gathered from all parts of the will, and not from any one particular clause;

and the general intent is to prevail, even if opposed to a particular *Malcolm* v. *Malcolm*, 3 Cush. 472. The general intent in this will is, that the testator's four daughters shall share equally, and of course that their children shall stand on equal grounds, which will not be the case if the plaintiffs are put off until their father's death. Another intent is, that Ethan Earle shall not have the control of his wife's share; and this is as well provided for by giving it to her children, as by keeping it in the hands of the trustees. The only contingency contemplated by the will, in which the residue of Mrs. Earle's share is to go to the testator's heirs at law, is her death, leaving no children; but not to allow her children to take on her death, would be to insert the additional contingency of her leaving issue who should die in the lifetime of their father. If the trustees are to hold this share, upon what trusts are they to hold it — the authority, given them by the will, to pay over from time to time, at their discretion, being taken away?

*E. Robinson,* for the defendants.

THOMAS, J. The will provides, 1, for the continuance of the trusts during the life of Ethan Earle. 2. For the payment of the principal sum after the death of Ethan Earle. 3. It directs that it shall then be paid to his wife Mary T. if living, otherwise to such child or children of the said Mary T. as shall then be living, in equal shares; and in case she shall leave no children or child, to the heirs at law of the testator.

The mere statement of these provisions settles the question before us. It is the death of Ethan Earle which fixes the termination of the trusts. It is this event, also, which ascertains to whom the fund then in the hands of the trustees is to be paid. As justly remarked by the counsel for the defendants, when the intention of the testator is manifest, there is no room for construction.        *Bill dismissed.*